IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DAYRIN ROBINSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:12-CV-033-O-BL |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Dayrin Robinson, an inmate at the Allred Unit of the Texas Department of Criminal Justice. Because the merits of the present case have been adjudicated, and the allegations fail to present a cognizable basis for habeas relief, it is recommended the instant petition be dismissed.

## I. BACKGROUND

Allegedly, on February 13, 2012, another inmate at the Allred Unit, Justin Hernandez, inserted pencil lead strips into an electrical outlet then ignited cotton with the flame. *See Robinson v. Thaler*, 7:12-CV-032, Doc. 9. Petitioner claimed the fire constituted "terrorism committed agains (sic) my person." *Id.*

Shortly after the alleged fire, Petitioner filed suit pursuant to 42 U.S.C. § 1983 concerning the Hernandez events. *See Robinson v. Hernandez*, No. 7:12-CV-027-O (N.D. Tex. Jan, 31, 2013). The District Court dismissed Petitioner's § 1983 complaint against all defendants, stating Hernandez was not acting under color of state law, and Petitioner failed to show the four corrections officers had violated his constitutional rights. *See id.*

In addition to his § 1983 suit, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Petition 1) concerning the same Hernandez fire events. *See Thaler*, 7:12-CV-032 (quoting Robinson's petition, the court noted Robinson alleged, "Allred Unit disciplinary office has been notified of my intention to take action by emergency legal process for the crimes committed against my person based on the actions of TDCJ Offender Hernandez, Justin."). In Petition 1, Petitioner sought to "invoke emergence witness protection," requested the court find "Allred Unit has defaulted protection from invaision (sic)," and requested the Texas Attorney General review and prosecute the case. *See id.*

In a Report and Recommendation filed on January 14, 2015, this court recommended the District Judge dismiss Petition 1. *See Thaler*, 7:12-CV-032. This court stated that while it was filed on a form used for habeas petitions, the facts sounded in § 1983. *Id.* Additionally, construed as a habeas case, the petition failed to present a cognizable basis for habeas relief. *Id.* ("Another prisoner's alleged tortious acts do not implicate a constitutional liberty interest for Robinson giving rise to habeas relief.") (citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) and *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

## II. DISCUSSION

### A. Continuation of Petition 1

With knowledge of Petition 1, it is plain that the instant petition is an extension of Petition 1—it appears that Petitioner used the instant petition as additional pages on which to write additional "supporting facts." The court notes Petition 1 and the instant petition were filed on the same day, and bear consecutive file numbers. Here, Petitioner raises no grounds on which he claims he is being held unconstitutionally. (Doc. 3, pp. 6–7). Instead, he continues the Hernandez narrative from Petition 1, requesting that the case be brought to trial. *Id.* Robinson

prays warrants be issued, witnesses be deposed, and that "a prosecutor to reherse the case with the witnesses (sic)." *Id.*

Under the blank space provided for ground one in which to claim he is being unconstitutionally held, Petitioner writes, verbatim: "I need to place the persons responsible for the offenses against my person and property under arrest and bring them before the court charged for the court to set bail and hold them for pretrial detention and afford them access to an attorney so the case can proceed before a grand jury by the Attorney General (sic)." *Id.* at 6. The remaining "supporting facts" sections contain similar demands. *See id.* at 6–7.

Construed as a continuation of Petition 1, the instant petition should be dismissed. As noted, the substance of this case was denied by the District Court. *See Hernandez*, No. 7:12-CV-027-O. When Petitioner appeared to allege the same facts in a habeas petition, this court recommended that petition be dismissed. *See Thaler*, 7:12-CV-032. Accordingly, the instant petition appearing to be a continuation of those dismissed cases, it should be dismissed.

### B. New Petition

Courts must construe prisoners' complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[B]ut the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Poux v. Drew*, 2010 U.S. Dist. LEXIS 113433, 2010 WL 4281824 (D. S.C. Sept. 22, 2010) (citing *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990)).

Construed as a new habeas petition in and of itself, the instant petition should be dismissed. The petition is nearly bare as to specific references to former judgments or convictions Petitioner proposes to attack. (*See, e.g.*, Doc. 3, pp. 3–5). The only specific evidence

as to what Petitioner contests points to either another habeas petition he filed in federal court,[1] or a prison disciplinary proceeding for which he provides no evidence.[2] At minimum, Petitioner fails to show he has exhausted his remedies before filing his petition in federal court. *See* 28 U.S.C. § 2254(b). Petitioner does not allege he is in custody in violation of the Constitution. *See id.* § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

As a habeas case, even liberally construed, Petitioner fails to present a cognizable basis for habeas relief. *See id.* Again, another prisoner's alleged tortious acts do not implicate a constitutional liberty interest for Petitioner giving rise to habeas relief. *See Orellana*, 65 F.3d at 31; *see also Preiser*, 411 U.S. 475. Robinson simply does not contest the fact or duration of his confinement. *See* 28 U.S.C. § 2254.

In sum, considered as a continuation of his Petition 1, the instant petition should be dismissed. *See Hernandez*, No. 7:12-CV-027-O. Considered as a new petition itself, the instant petition wholly fails to present a cognizable basis for federal habeas relief, and, therefore, should be dismissed. *See* 28 U.S.C. § 2254; *Preiser*, 411 U.S. 475.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that all pending motions in this case be **DENIED** and the petition for writ of habeas corpus be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

---

[1] (Doc. 3, p. 2) (when prompted to "Identify the docket numbers and all crimes of which you were convicted that you wish to challenge in this habeas action," Petitioner writes, "outlawry civil no. 7:12-CV-10."). That case was a § 2254 habeas petition filed by Petitioner that was pending with the court at the time the instant petition was filed.
[2] (*See* Doc. 3, p. 5) (listing disciplinary case no. 20120165270, but providing no supporting details, and no completed Step 1 or Step 2 grievances).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 15th day of January, 2015.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**